**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

SHARA SPRAGUE, Individually and
as Administrator of the Estate of
TERRY SPRAGUE, Deceased,

Plaintiff,

v.

WAL-MART STORES, INC.,                                    No. 08-364-DRH

Defendant.

## ORDER

HERNDON, Chief Judge:

## I.  Introduction

On September 7, 2007, Plaintiff Shara Sprague filed her complaint in the Circuit court of Franklin County, Illinois against Wal-Mart Stores, Inc., both individually and as administrator of Terry Sprague's estate.  (Doc. 2 Exhibit A). Plaintiff filed her complaint pursuant to the Illinois Liquor Control Act, 235 ILCS 5/6-21, commonly known as the Dram Shop Act.  She alleges that Wal-Mart Stores, Inc. ("Defendant") sold alcoholic liquors to Jonathon Fitzgerald who consumed such liquors .  As a result of consuming such liquors, Plaintiff alleges Fitzgerald became intoxicated and while intoxicated, and as a result of his intoxication, he struck the motorcycle being driven by Plaintiff and her deceased husband.  She alleges claims of property damage, lost wages, loss of society, injury to person, and injury to deceased person.  Plaintiff seeks compensatory damages in an amount in excess of $50,000.

On May 20, 2008, Defendant removed the action to this Court, asserting that subject matter jurisdiction lies under the federal diversity statute, 28 U.S.C. § 1332. (Doc. 2). On June 5, 2008, Plaintiff filed a motion to remand the case to state court based on the untimely and improperly filed notice of removal. (Doc. 5). Having reviewed the pleadings and the applicable case law, the Court finds that the notice of removal was timely filed and **DENIES** Plaintiff's motion to remand.

## II. <u>Analysis</u>

Plaintiff argues that a fair reading of the initial Complaint indicated that the monetary threshold of $75,000 met the amount in controversy limit under 28 U.S.C. § 1332, and so the notice of removal was untimely. (Doc. 5). Defendant responds that it was unable to ascertain the amount in controversy alleged by the complaint and needed to conduct discovery in order to properly determine the amount in controversy. (Doc. 8 p. 1). Defendant argues that it filed a notice of removal within the statutorily required time limit after receiving Plaintiff's answers to interrogatories and request to produce. (Doc. 8 p. 3).

Under the terms of 28 U.S.C. § 1446(b), "notice of removal…shall be filed within thirty days after receipt by the defendant….of a copy of the initial pleading" or after service of summons upon defendant "if such initial pleading has then been filed in court and is not required to be served on the defendant." **28 U.S.C. § 1446(b)**. Furthermore, under the terms of 28 U.S,C. § 1446(b):

> If the case stated by the initial pleading is not removable, notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a

copy of an amended pleading, motion, order or other paper from which
it may first be ascertained that the case is one which is or has become
removable, except that a case may not be removed on the basis of
jurisdiction conferred by 1332 of this title more than one year after
commencement of the action.

**28 U.S.C. § 1446(b)**.

A case is removable based on diversity only "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." **28 U.S.C. § 1332(a)**. The removal statute is construed narrowly, and doubts concerning removal are resolved in favor of remand. ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).** To remove an action based on federal diversity jurisdiction, a defendant need only "set out the basis of federal jurisdiction and prove any contested factual allegation." ***Meridian Security Insurance Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006)**.

If the complaint alleges an amount of damages, that amount "controls unless recovering that amount would be legally impossible," but when the complaint omits an amount of damages, "the size of the claim must be evaluated in some other way." ***Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006)**. When the complaint does not establish the amount in controversy, the defendant may present evidence from interrogatories, admissions in state court, calculations from allegations of damages in the complaint, reference to plaintiff's settlement demands or informal estimates, or by introducing affidavits from employees or experts about how much it may cost to satisfy plaintiff's demands. ***Meridian Security Insurance Co.*, 441 F.3d at 541-42.**

This Court finds that Defendant filed a timely notice of removal by waiting until after discovery to seek removal. Plaintiff argues that the jurisdictional amount could be determined from the face of her complaint and thus removal was untimely. However, the only evidence of damages at the time of Plaintiff's complaint was the statements in the complaint itself and the accompanying affidavit.

Plaintiff's complaint only alleges an amount not to exceed the statutory cap under the Dram Shop Act and none of those caps exceed the $75,000 jurisdictional requirement. (Doc. 2 Exhibit A); ***See also* 235 ILCS 5/6-21(a).** Plaintiff alleges both claims of personal injury and loss of society under the Dram Shop Act. (Doc. 2 Exhibit A). While, from a fair reading of the complaint, the claim for loss of society could result in a judgment for the statutory cap of $68,814.11, Plaintiff could not predict the value of her personal injury claim, which if nominal would not have met the $75,000 amount in controversy requirement and would have prevented Defendant from removing the case. Furthermore, in Plaintiff's accompanying affidavit, her counsel stated that while he believed the case would exceed $50,000, he was unable to make a more definite estimate of damages "as further information obtained through discovery may require reassessment." (Doc. 2 Exhibit B). From a fair reading of the complaint and the accompanying affidavit, the amount in controversy can not be determined. It was only after Defendant received answers to its interrogatories and requests for production on April 22, 2008 that Defendant was able to determine the extent of Plaintiff's medical bills. Defendant filed its notice of removal on May 20, 2008, within the 30 day requirement in 1446(b).

Furthermore, Plaintiff alleges that her deceased husband suffered "pain...and disfigurement" and, as Defendant 's correctly note, Plaintiff's individual claims can not be aggregated with her claims as administrator of Terry Sprague's estate. ***See Clark v. State Farm Mut. Auto. Ins. Co.,*** **473 F.3d 708 (7th Cir. 2007).**

Since the claims of Plaintiff individually could not be aggregated with those claims she alleged as the administrator of her deceased husband's estate and the amount in controversy could not be determined from the face of the complaint, this Court agrees that Defendant was not able to ascertain the amount of Plaintiff's personal injury damages prior to discovery. This Court encourages defendants to scrutinize their case carefully before seeking removal. This Court acknowledge that in order for defendants to properly scrutinize their case, it may be necessary to wait until after discovery to determine the amount of controversy. Here, Defendant filed its notice for removal on May 20, 2008 after receiving discovery of Plaintiff's sizable medical bills on April 22, 2008, which is within the thirty days required by the removal statute. Because Defendants promptly sought removal after determining the amount in controversy, removal was timely.

### III.  Conclusion

Because the notice of removal was timely and properly filed, the Court **DENIES** Sprague's motion to remand.  (Doc. 5).

**IT IS SO ORDERED.**

Signed this 8th day of October, 2008.

/s/      *David R Herndon*

**Chief Judge**
**United States District Court**